AMERICAN SAMOA GOVERNMENT

v.

ALFRED LOTUPU MOAFANUA, Defendant

High Court of American Samoa
Trial Division

CR No. 63-86

February 24, 1987

Before REES, Chief Justice, and VAIVAO, Associate Judge.

Counsel: For Government, William Wallace, Assistant Attorney General
For Defendant, Michael Bennett, Assistant Public Defender

On Motion to Dismiss:

The defendant was charged with Manslaughter, Homicide by Vehicle, and Reckless Driving. The three counts were charged in a single information and arose from the same incident.

At the time set for the preliminary examination before the District Judge, the defendant's counsel pointed out that Reckless Driving, unlike the other two counts, is a misdemeanor and that the government is not entitled to a preliminary examination in misdemeanor cases. He then made the following request:

Before we go into the preliminary examination I request an opportunity to enter a plea to this charge [i.e., the Reckless Driving count] since it's within the jurisdiction of the District Court,

not something [to be] joined with the High Court.

The District Judge agreed that there should be no preliminary examination in connection with the Reckless Driving count and asked how the defendant would like to plead. Defense counsel responded that the defendant would enter a plea of guilty.

The District Judge then said he would proceed with the preliminary examination on the other two counts. Defense counsel responded:

> Before we proceed with that, are you going to take the guilty plea from the defendant because if you do, if you accept the guilty plea, we have an objection to the preliminary examination.

There ensued an exchange during which the District Judge attempted to reserve until later the decision on whether to accept the guilty plea, and defense counsel again requested an immediate decision. Finally the defense counsel formally objected to continuing with the examination until the judge decided whether to accept the guilty plea on the Reckless Driving count. After a short recess the judge briefly interrogated the defendant, accepted the plea, and deferred sentencing until the next week.

The court then attempted once again to proceed with the preliminary examination on the first two counts.

At this point defense counsel announced an objection "to any further proceedings" on the ground that they would subject the defendant to double jeopardy in violation of the Fifth Amendment to the United States Constitution.

The defendant's argument was that Reckless Driving was a lesser included offense within the two homicide counts, and that proceeding on the greater charges after he had been convicted on the lesser would subject him to two trials and perhaps to two penalties for the same crime. The District Court, however, denied the motion and proceeded with the preliminary examination. The judge found that there was probable cause to charge the defendant with Homicide by Vehicle, but not with Manslaughter. The defendant now renews his motion to dismiss the Homicide by Vehicle proceedings on

34

the ground that they subject him to double jeopardy.

We deny the motion for two reasons.

First, under the test most recently announced by the United States Supreme Court, it appears that the Reckless Driving count in this case should be regarded as a "different offense" than the Homicide by Vehicle count rather than as a lesser included part of the "same offense."

In Illinois v. Vitale, 447 U.S. 410 (1980), the defendant had been charged both with a traffic offense ("careless failure to reduce speed") and with involuntary manslaughter in connection with an automobile accident. The traffic offense was charged in a citation issued by the police officer at the scene of the crime. The manslaughter charge was brought later. The defendant pled not guilty to the traffic offense and was convicted after a trial. He then moved to dismiss the manslaughter charge on the ground of double jeopardy. The Supreme Court held, however, that involuntary manslaughter and careless failure to reduce speed were different offenses, even when they arose from the same incident, so long as "each provision requires proof of a fact that the other does not." Id. at 416, quoting Brown v. Ohio, 432 U.S. 421, 422 (1977). Since the defendant could be convicted under the manslaughter count without proof of a careless failure to reduce speed, and careless failure to reduce speed could be established without proof of a death, the two proceedings did not place the defendant in double jeopardy.

In this case it is clear that each count requires proof of a fact which is not necessary for proof of the other count. Homicide by Vehicle, defined in A.S.C.A. § 22.0706, requires proof of a death. Reckless Driving, defined in A.S.C.A. § 22.0702, requires proof that the defendant drove his vehicle "in wilful and wanton disregard for the safety of persons or property" --- a fact unnecessary to proof of Homicide by Vehicle, which can be sustained by proof of the less serious charge that the defendant drove "in a careless and imprudent manner, without due regard for . . . attending circumstances." This would constitute proof of Careless Driving, prohibited by A.S.C.A. § 22.0702. Any traffic violation shown to be the proximate cause of a death is sufficient for conviction of Homicide by Vehicle. A.S.C.A. § 22.0706. The information in this case fairly charges Careless Driving both in the statement of

the "wilful and wanton" standard quoted above (which would allow the jury to find carelessness and imprudence as a lesser included charge if they failed to find wilfulness and wantonness) and in the separate statement that defendant "failed to exercise or display proper manuevering [sic] skills to avoid hitting the minor victim." Therefore the two counts charge different offenses and the two separate proceedings do not constitute double jeopardy.[1]

Even if the Reckless Driving count were necessarily included within the Homicide by Vehicle count, however, we would deny the motion for a second reason. This has to do with the circumstances under which the alleged double jeopardy came into being. The record reflects that the government wished to subject the defendant to only one proceeding and one punishment. It was only at the specific, urgent, and repeated demand of the defendant's lawyer that the District Judge severed the one proceeding into two. The record further suggests quite strongly that defense counsel insisted on the severance for the very purpose of surprising the government and the District Judge with a double jeopardy motion the moment the guilty plea had been accepted.[2]

---

[1]. During oral argument on this motion the Chief Justice stated a different version of the Vitale test: if proof of Homicide by Vehicle in this case required proof either of Reckless Driving or of any lesser offense included within Reckless Driving, then the two counts would charge the same offense. The Chief Justice continues to believe that such a test would be consistent with the policies underlying the Double Jeopardy Clause. Careful study of Vitale, however, reveals that the United States Supreme Court --- whose opinions on federal constitutional questions are binding on this court --- favors instead the test stated in the text of this opinion.

[2]. At one point prior to the acceptance of the plea, the defense counsel did indicate that if the plea had been accepted he now had an objection to the preliminary hearing. It was not at all clear, however, that such an objection would be to the legitimacy of any further proceedings in the case, and it appears from the record that the District

36

Our holding on this point can be phrased in a number of ways. The one that comes most easily to mind for lawyers and judges is in terms of waiver or estoppel: the defendant, whose lawyer demanded an immediate hearing on the Reckless Driving count as a prerequisite to the hearing on the Homicide by Vehicle count, has lost whatever right he would otherwise have had to assert the former as a bar to the latter. This statement of the argument, however, does not capture the extent to which the point goes to the heart of what the Double Jeopardy Clause is about.

Insofar as it prohibits prosecution of a greater offense after conviction of a lesser, the Double Jeopardy Clause is designed to deal with two kinds of situations. The first of these is the situation in which the trier of fact may have intended a conviction of a lesser offense as an implicit acquittal on the greater charge. The record here reflects that this was clearly not the case; rather, the District Judge acquiesced in defense counsel's demand for an immediate hearing on the plea of guilty to Reckless Driving precisely in order to get on with the Homicide hearing. The second situation is that in which a defendant is "forced . . . to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense." Abney v. United States, 431 U.S. 651, 661 (1977). None of these elements is present here. The Reckless Driving proceeding, which consisted entirely of defendant's voluntary guilty plea and a few questions to ensure that it was knowing and voluntary, seems from the record to have taken less than a minute from start to finish. Moreover, whatever "strain, public

Judge did not understand it as such. Moreover, defense counsel immediately thereafter requested the judge to say whether the guilty plea had been accepted "before we proceed," and reiterated a few seconds later that he "would object to continuing it [i.e., the preliminary examination] until the status of that has been entered --- has been resolved." The record in its totality reflects that defense counsel encouraged the District Judge to believe that the preliminary examination on the homicide counts could go forward without objection if and only if the guilty plea to Reckless Driving was immediately accepted.

embarrassment, and expense" were involved were not "forced" on the defendant; he could have avoided them, and the penalty subsequently imposed[3], if his lawyer had only not demanded them.

This is, in sum, hardly the case described by Mr. Justice Black in which "the State with all its resources and power" makes "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety, and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Green v. United States, 355 U.S. 184, 187-88 (1957). Indeed, it is very nearly the opposite: a case in which a talented Public Defender, calculating that the prosecutor and the district judge at a preliminary examination may not have charted all the nooks and crannies of double jeopardy jurisprudence, deliberately exposes his own client to a relatively mild form of jeopardy in the hope of inoculating him against the far more serious consequences the law justly attaches to the acts he is charged with committing.

We do not mean to disparage the defense counsel, who acted in the sincere belief that such efforts were part of his duty to his client. Our duty as judges, however, includes the responsibility to minimize the extent to which strategy and tactics rather than substance determine the development of doctrines and the outcome of cases.

---

[3]. Although we deny the motion to dismiss the Homicide by Vehicle charge, we will construe it as an appeal from the entirety of the District Judge's ruling and will vacate the $250 fine and the one year prison sentence (suspended) imposed by the District Judge on the Reckless Driving charge. Although this is not technically required as a matter of law, since Reckless Driving and Homicide by Vehicle are not the "same offense" for double jeopardy purposes, it is within our discretion and will shield the defendant from harm similar although not identical to that prohibited by the Double Jeopardy Clause. This part of our order will be stayed pending the outcome of any appeal from our denial of the motion to dismiss.

The motion is denied.